UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES L. STUCKEY,

Plaintiff,

v.

JOSEPH LOMBARDO et al.,

Defendants.

Case No. 2:15-cv-02165-RFB-CWH

SCREENING ORDER ON
FIRST AMENDED COMPLAINT

This is a *pro se* amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Clark County Detention Center ("CCDC"). Plaintiff has submitted an application to proceed *in forma pauperis* and an amended civil rights complaint. (ECF No. 7, 10). The Court now addresses the application to proceed *in forma pauperis* and screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a

| | |
|---|---|
| 1 | prisoner seeks redress from a governmental entity or officer or employee of a |
| 2 | governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any |
| 3 | cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim |
| 4 | upon which relief may be granted or seek monetary relief from a defendant who is immune |
| 5 | from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be |
| 6 | liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). |
| 7 | To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: |
| 8 | (1) the violation of a right secured by the Constitution or laws of the United States, and |
| 9 | (2) that the alleged violation was committed by a person acting under color of state law. |
| 10 | *See West v. Atkins*, 487 U.S. 42, 48 (1988). |
| 11 | In addition to the screening requirements under § 1915A, pursuant to the Prison |
| 12 | Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the |
| 13 | allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a |
| 14 | claim on which relief may be granted, or seeks monetary relief against a defendant who |
| 15 | is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure |
| 16 | to state a claim upon which relief can be granted is provided for in Federal Rule of Civil |
| 17 | Procedure 12(b)(6), and the court applies the same standard under § 1915 when |
| 18 | reviewing the adequacy of a complaint or an amended complaint. When a court |
| 19 | dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the |
| 20 | complaint with directions as to curing its deficiencies, unless it is clear from the face of |
| 21 | the complaint that the deficiencies could not be cured by amendment. *See Cato v. United* |
| 22 | *States*, 70 F.3d 1103, 1106 (9th Cir. 1995). |
| 23 | Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See* |
| 24 | *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure |
| 25 | to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in |
| 26 | support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d |
| 27 | 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all |
| 28 | allegations of material fact stated in the complaint, and the court construes them in the |

light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.  SCREENING OF FIRST AMENDED COMPLAINT**

In the first amended complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC"). (ECF No. 10 at 1). Plaintiff sues Defendants Sheriff Joseph Lombardo, Deputy Chief of Operations Suey, Correctional Officer #S7134A, Correctional Officer G. Sanchez

(#6894), and Correctional Officer #C8837D.  (*Id.* at 2-3).  Plaintiff alleges three counts and seeks monetary damages and injunctive relief.  (*Id.* at 6, 9).

The first amended complaint alleges the following:  On August 28, 2015, a court sentenced Plaintiff to serve a 180-day-sentence for a misdemeanor offense in the CCDC.  (*Id.* at 3).  Jail officials housed Plaintiff, a misdemeanor offender, with convicted felons awaiting transport to prison and pre-trial detainee felons facing multiple years of prison for murder, battery with a deadly weapon, and kidnapping.  (*Id.*)  Plaintiff's housing situation subjected him to mental duress, anxiety, and looming physical harm.  (*Id.* at 4).  Plaintiff was housed in CCDC's Unit 3B North Tower.  (*Id.*)

On October 27, 2015, Plaintiff kited Sanchez about the "looming threat [Plaintiff] felt of a physical attack at the hands of convicted and pretrial felons."  (*Id.*)  Plaintiff asked Sanchez to house Plaintiff in a unit that reflected the charges he was serving his time for.  (*Id.*)  Sanchez responded that Plaintiff was "housed correctly."  (*Id.*)  On November 1, 2015, there was a fight in Plaintiff's housing unit between a misdemeanor offender and a pretrial felon.  (*Id.*)  On November 2, 2015, Plaintiff informed Suey about these incidents.  (*Id.*)  Neither Sanchez nor Suey did anything to move Plaintiff "from an inherently dangerous and potentially confrontational situation with other more dangerous inmates in 3B."  (*Id.*)  Suey was aware that there had been three "shakedowns" in Unit 3B which demonstrated the violence in the unit at that time.  (*Id.*)

On November 12, 2015, there was another fight in Unit 3B.  (*Id.* at 5).  Plaintiff submitted a kite to Sgt. #S7134A and informed the officer of Plaintiff's "constant state of apprehension, mental, and emotional anxiety" of being housed with convicted and pretrial felons and being placed in "physical jeopardy."  (*Id.*)  Plaintiff felt that his housing placement constituted "unjust punishment" because Plaintiff had been arrested over 15 times.  (*Id.*)  Plaintiff believed that jail officials were housing him in that unit based on the number of arrests he had rather than for the crime he was serving time for.  (*Id.*)  In response to the kite, Officer #7403 stated, "you are classified accurately."  (*Id.*)  Lombardo was responsible for this "breakdown" and deprivation of Plaintiff's civil rights.  (*Id.*)

On November 13, 2015, Plaintiff wrote another kite to Suey and Officer #S7134A and informed them of the multiple shakedowns due to a razor blade found in Plaintiff's housing unit. (*Id.* at 6). In an eight-day period, there were three fights and three shakedowns in Plaintiff's unit. (*Id.*) In response to Plaintiff's kite, Officer #C8837D asked, "Why is your safety compromised?" (*Id.*) This demonstrates "indifference" to Plaintiff's mental, emotional, and physical safety and happiness. (*Id.*) In response to Plaintiff's kites, jail officials stated, "you are housed correctly, state whom is threatening you, submit another request, what are you asking, how is your safety compromised, thank you for your opinion; if you are having emotional issues, please request to speak to our psychological services." (*Id.* at 8).

In Count I, Plaintiff alleges Fifth Amendment violations of life, liberty, and happiness and Eighth Amendment violations for failure to protect. (*Id.* at 4). In Count II, Plaintiff alleges failure to protect and cruel and unusual punishment. (*Id.* at 5). In Count III, Plaintiff alleges cruel and unusual punishment and deprivation of life, liberty, and happiness. (*Id.* at 6). The Court interprets the allegations as claims for due process and failure to protect.

### A. Due Process

Based on the allegations, Plaintiff is attempting to allege a due process claim based on his classification/housing status as a misdemeanor inmate. The Court dismisses this claim, with prejudice, as amendment would be futile. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that prisoners have no liberty interest in their classification status).

### B. Failure to Protect

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the

1  inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an
2  excessive risk to inmate . . . safety; the official must both be aware of facts from which
3  the inference could be drawn that a substantial risk of serious harm exists, and [the
4  official] must also draw the inference." *Id.* at 837.  Prison officials may not escape liability
5  because they cannot, or did not, identify the specific source of the risk; the serious threat
6  can be one to which all prisoners are exposed.  *Id.* at 843.

The Court finds that Plaintiff fails to state a colorable failure to protect claim but grants Plaintiff leave to amend.  Plaintiff has not established that there was a serious threat to his own safety while housed in Unit 3B.  The Court acknowledges that inmates fought in Plaintiff's unit.  However, Plaintiff has not established how or why he believed a convicted or pretrial felon was going to physically attack him.  The Court dismisses this claim with leave to amend.

### C. Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the first amended complaint.  If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes (replaces) the original and first amended complaints and, thus, the second amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the second amended complaint

within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court will dismiss this case, with prejudice, for failure to state a claim.

**IV. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) without having to prepay the full filing fee is **granted**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **James L. Stuckey, #920452** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the operative complaint is the first amended complaint (ECF No. 10).

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of his first amended complaint, as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his first amended complaint (ECF No. 10). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action shall be dismissed, with prejudice, for failure to state a claim.

DATED this 14th day of July 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE