UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES L. STUCKEY,<br>Plaintiff,<br>v.<br>JOSEPH LOMBARDO, *et al.*,<br>Defendants. | Case No. 2:15-cv-02165-RFB-CWH<br>**ORDER** |

James L. Stuckey ("Plaintiff"), formerly an inmate in the custody of the Clark County Detention Center ("CCDC"), has submitted a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 12). The Court now screens Plaintiff's second amended civil rights complaint pursuant to 28 U.S.C. § 1915.

## I. SCREENING STANDARD

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) - (iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint

under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," and it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. SCREENING OF SECOND AMENDED COMPLAINT

In the second amended complaint ("SAC"), Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at CCDC. (ECF No. 12 at 1).

Plaintiff sues Defendants Sheriff Joseph Lombardo, Deputy Chief of Operations Suey, Correctional Officer #S7134A, Correctional Officer G. Sanchez (#6894), and Correctional Officer #C8837D. (*Id.* at 2-3). Plaintiff alleges three counts and seeks monetary damages as well as injunctive relief. (*Id.* at 4, 5, 6, 9).

On November 12, 2015, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On December 8, 2015, Plaintiff filed a 20-page supplement to his complaint. (ECF No. 3). On June 22, 2017, this Court issued an order granting Plaintiff leave to amend to incorporate the complaint and the supplement into a single amended complaint. (ECF No. 9).

On July 10, 2017, Plaintiff submitted a first amended complaint ("FAC"). (ECF No. 10). On July 17, 2017, this Court issued a screening order on the FAC, dismissing the FAC because Plaintiff failed to state a claim, and giving Plaintiff leave to amend his Eighth Amendment failure to protect claim. (ECF No. 11 at 5-7). In particular, this Court noted that Plaintiff failed to state a colorable failure to protect claim because he "has not established how or why he believed a convicted or pretrial felon was going to physically attack him." (*Id.* at 6).

On July 27, 2017, Plaintiff submitted a SAC. (ECF No. 12). In addition to the facts Plaintiff stated in the FAC and reiterated in the SAC, in the SAC Plaintiff states that he believed he was in danger of assault, and suffered great anxiety thereby, because he was serving a short sentence and so was a potential target for other inmates. (*Id.* at 3, 5). Plaintiff also claims that Defendants are aware of this "Short Timers Disease," whereby "inmates serving six months or less are targeted by other inmates for ridicule, intimidation, and sometimes violence." (*Id.*) However, Plaintiff does not state any facts that allow the court to infer that he himself was the target of threats or violence. And while Plaintiff is correct that Plaintiff need not wait until an actual assault or injury occurs before filing suit to prevent such harm, *see Helling v. McKinney*, 509 U.S. 25, 36, (1993), Plaintiff does need to show that there was an objective, substantial risk of serious ham, which Plaintiff fails to do. Plaintiff's only claims about the objective risk of harm are two fights that

occurred in his unit, as well as three shakedowns in an eight-day period by officials looking for a blade missing from a razor. (ECF No. 12 at 4, 5). As noted in the Court's screening order of the FAC, (ECF No. 11 at 6), Plaintiff fails to state a colorable claim with these facts. Therefore, the Court dismisses Plaintiff's failure to protect claim, without leave to amend, as it appears to the Court that amendment would be futile.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the operative complaint is the second amended complaint (ECF No. 12).

IT IS FURTHER ORDERED that the second amended complaint is dismissed, without leave to amend, as it appears amendment would be futile.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of Court is instructed to close this case.

DATED: July 24, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE